UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| MECCIA STANLEY, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 3:23-CV-358-TAV-JEM |
| ROGER D. WILSON DETENTION FACILITY and CO STRINGER, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a Tennessee Department of Correction inmate, has filed (1) an unsigned pro se complaint for violation of 42 U.S.C. § 1983 arising out of a cavity search in which jail officials removed drugs from her body in the Roger D. Wilson Detention Facility ("RWDF") [Doc. 2]; (2) a motion for leave to proceed *in forma pauperis* [Doc. 1]; (3) two motions to appoint counsel [Docs. 3, 8]; (4) a signed amended complaint [Doc. 6]; and (5) financial documents [Doc. 7], all of which are now before the Court. The Court will address Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1], unsigned complaint [Doc. 2], and motions for appointment of counsel [Docs. 3, 8], before screening her signed amended complaint [Doc. 6].

I. **MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

As it appears from her motion for leave to proceed *in forma pauperis* [Doc. 1] and financial documents [Doc. 7] that Plaintiff cannot pay the filing fee in a lump sum, this motion is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. 28 U.S.C. § 1914(a). The custodian of her inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District

Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to her inmate trust account; or (b) twenty percent (20%) of the average monthly balance in her inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of her inmate trust account is directed to submit twenty percent (20%) of her preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to provide a copy of this order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's facility, to ensure compliance with the Prison Litigation Reform Act ("PLRA") requirements for payment of the filing fee.

## II.   UNSIGNED COMPLAINT

Plaintiff's original complaint [Doc. 2] is unsigned. Accordingly, the Court entered an order that, in relevant part: (1) notified Plaintiff that she had not satisfied Rule 11(a) of the Federal Rules of Civil Procedure, which requires that a party not represented by counsel personally sign every pleading, written motion, or other paper filed in the court; (2) provided her 30 days to file a signed copy of the last page of her complaint; and (3) notified Plaintiff that if she did not comply with that order, the Court would strike the unsigned complaint [Doc. 5, pp. 1–2].

However, instead of filing a signed copy of the last page of her complaint in response to this order, Plaintiff submitted a signed document that the Clerk docketed as a supplement to the complaint, but which the Court liberally construes as an amended complaint [Doc. 9].

2

Accordingly, the Clerk is **DIRECTED** to (1) label Plaintiff's signed filing in response to the Court's order [*Id.*] as an amended complaint on the Court's docket and (2) strike Plaintiff's original complaint [Doc. 2] from the Court's docket pursuant to Rule 11(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 11(a) (providing that "[the] court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.").

Thus, the Court will screen the amended complaint [Doc. 9] pursuant to the PLRA below.

## III. APPOINTMENT OF COUNSEL

In her motions for appointment of counsel, Plaintiff states that (1) she cannot afford counsel; (2) her confinement will "greatly limit her ability to litigate"; (3) "the issues involved in this case are complex[] and will require significant research and investigation"; (4) "[she] has limited access to the law library and limited knowledge of the law"; (5) "trial in this case will likely involve conflicting testimony, and counsel would better enable [her] to present evidence and cross examine witnesses"; and (6) she has been unable to obtain counsel [Doc. 3, p. 1; Doc. 8, p. 1].

Appointment of counsel in a civil proceeding is not a constitutional right, but a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). A district court has discretion to determine whether to appoint counsel for an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). In exercising that discretion, the district court should consider the nature of the case, whether the issues are

3

legally or factually complex, and the plaintiff's ability to present her claims. *Lavado*, 992 F.2d at 605–06.

As to the first two factors, Plaintiff's claims for violation of § 1983 are not factually or legally complex. As to the third factor, it is apparent that Plaintiff can adequately present her claims. Additionally, Plaintiff's general allegations regarding her inability to afford or otherwise retain counsel and the limitations that her confinement imposes upon her are typical of almost all prisoners and do not render this case exceptional.

Thus, Plaintiff has not demonstrated that this is an extraordinary case that justifies the Court appointing her counsel, and her motions for appointment of counsel [Docs. 3, 8] are **DENIED**.

IV. **AMENDED COMPLAINT SCREENING**

A. **Standard**

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA initial review, a complaint "must contain sufficient factual matter, accepted as true, to

4

'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived her of a federal right. 42 U.S.C. § 1983.

### B. Allegations

Plaintiff claims that on February 2, 2020, she went to the RWDF for the purpose of making "bond on a different charge" [Doc. 9, p. 1]. While she was there, unspecified RWDF officials subjected her to a strip search, during which an "Officer Money-Maker . . . saw a piece of the baggie in [her] private area." "They asked [Plaintiff] to give them the contents of the baggie, but [she] refused" [*Id.*].

RWDF officials then took Plaintiff to a holding cell, and several officers restrained her "while [Defendant] Officer Stringer went inside of [Plaintiff] and got the drugs out of [her] vagina" [*Id.*]. According to Plaintiff, "[t]hey were very forceful and in the process they broke [her] front tooth off[,] and they didn't have a warrant or a medical doctor." Also, "[t]hey [then] denied [Plaintiff] access to filing a [Prison Rape Elimination Act "PREA" complaint]" or a grievance against "them" [*Id.*].

5

Plaintiff has sued the RWDF and Correctional Officer Stringer [*Id.*]. Plaintiff's amended complaint does not contain a request for relief [*Id.*].

### C. Analysis

For the reasons set forth below, the amended complaint fails to state a plausible claim for violation of § 1983. Accordingly, this action will be **DISMISSED**.

#### 1. Demand for Relief

First, as Plaintiff's amended complaint [*Id.*] does not contain a demand for relief, it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 8(a) (providing that "a pleading that states a claim for relief must contain . . . a demand for the relief sought").

#### 2. Statute of Limitations

Additionally, it is apparent from the face of the amended complaint that Plaintiff's § 1983 claims are untimely. The Court applies Tennessee's one-year statute of limitations to Plaintiff's § 1983 claims. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005) (federal district courts apply a state's statute of limitations to § 1983 claims); *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012) (noting that Tennessee provides one-year statute of limitations for § 1983 claims); Tenn. Code Ann. § 28-3-104(a)(1)(B) (setting forth a one-year statute of limitations for § 1983 claims). Federal law governs when the statute begins to run. *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (citations omitted). Under federal law, a cause of action accrues, and the limitations period begins to run, when the injury forming the basis of the claim is discoverable, *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991) (citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)), or when the cause of action is complete, *Dibrell v. City of Knoxville*, 984 F.3d

6

1156, 1162 (6th Cir. 2021) (acknowledging that the "standard" rule starting limitations period is "when the plaintiff has a complete and present cause of action") (citation omitted).

It is apparent that Plaintiff knew of her injuries and could have filed her § 1983 claims arising out of the incidents set forth in her amended complaint as early as February 2, 2020, the date on which they occurred. Thus, the one-year statute of limitations for those claims expired on February 3, 2021.

Plaintiff's original complaint[1] is not dated [Doc. 2], and the envelope contains no indication of when she mailed it [*Id.* at 12]. Accordingly, the Court cannot determine exactly when she filed it. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir 2008) (noting that the signing date on a pro se prisoner's pleading is the filing date, unless there is evidence to the contrary); *Houston v. Lack*, 487 U.S. 266, 273 (1988) (holding that a pro se prisoner filed his notice of appeal at the moment he delivered it to prison authorities for forwarding to district court).

Nevertheless, the record establishes that the Clerk did not receive Plaintiff's original complaint until more than two years after the statute of limitations had passed, and nothing in the record suggests that Plaintiff filed that complaint more than two years before the Clerk received it, such that it could be timely. Thus, it is apparent that Plaintiff's claims for relief

---

[1] As the claims in Plaintiff's amended complaint [Doc. 9] are substantively identical to the claims in her original complaint [Doc. 2], the date on which Plaintiff filed her original complaint is the relevant date in determining whether her claims are timely under Rule 15(c). Fed. R. Civ. P. 15(c)(1)(B) (providing amendment to pleading relates back to the date of original pleading where it "asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading").

7

under § 1983 are untimely and therefore fail to state a claim upon which relief may be granted under § 1983.

V. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust accounts is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum opinion and the accompanying judgment order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. The Clerk also is **DIRECTED** to (1) label Plaintiff's signed filing in response to the Court's previous order [Doc. 9] as an amended complaint on the Court's docket and (2) strike Plaintiff's original complaint [Doc. 2] from the Court's docket pursuant to Rule 11(a) of the Federal Rules of Civil Procedure;

6. Plaintiff's motions for appointment of counsel [Docs. 3, 8] are **DENIED**;

7. Even liberally construing the amended complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

8. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

9. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE